```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION
```

BRYAN BLACK,                    )
        Petitioner,             )    CASE NO. 3:06-0249
                                )    (CRIMINAL CASE
    v.                          )    NO. 3:03-00182)
                                )    JUDGE ECHOLS
UNITED STATES OF AMERICA,       )
        Respondent.             )

## MEMORANDUM

Pending before the Court is Petitioner Bryan Black's "Motion to Vacate, Set Aside, Reverse, or Correct Sentence Pursuant to Title 28 United States Code Section 2255." (Docket Entry No. 1). The Government has filed a response in opposition to that motion. (Docket Entry No. 3).

### I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 25, 2003, a grand jury returned a six-count Indictment against Petitioner and two others. Petitioner was charged in Count One with conspiring to distribute cocaine and cocaine base and in Counts Five and Six with possessing with intent to distribute cocaine.

The parties entered into a Plea Agreement. In exchange for Petitioner's plea of guilt to Count Five, the Government agreed to dismiss Counts One and Six, as well as an Indictment returned in a separate case. The parties agreed to recommend a base offense level of 28 and left it for the Court to determine whether the offense level should be increased by two points under § 2D1.1(b) for possession of a dangerous weapon. The government agreed to recommend a three-level reduction for acceptance of responsibility

1

and agreed to recommend that Petitioner be sentenced to the low end of the applicable guideline range.

On October 12, 2004, Petitioner entered a plea of guilty to Count Five pursuant to his Plea Agreement. After colloquy with the Court, the plea was accepted.

On April 12, 2005, Petitioner was sentenced to a term of imprisonment of 70 months. The present motion under Section 2255 followed.

Petitioner advances two claims in his Motion. First, Petitioner asserts "ineffective assistance of cou[n]sel at the plea hearing and sentencing phase" and as factual support for this claim writes "counsel was ineffective for not preparing an appeal on behalf of petitioner [sic] claim of violation that occurred during his sentencing." (Docket Entry 1 at 5). Second, Petitioner asserts that it was error for the count to enhance his sentence under Section 2D1.1 of the Sentencing Guidelines for possession of a weapon that he was never indicted for or pled guilty to possessing. (Id.).

## II. STANDARD OF REVIEW

To prevail on a § 2255 motion, the Petitioner must establish either an error of constitutional magnitude that had a substantial and injurious effect or influence on his criminal proceeding, see Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993), or the record must reflect a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed

2

v. Farley, 512 U.S. 339, 348 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir. 1993). Claims of error must be raised in the trial court and on direct appeal or such claims are procedurally defaulted. See Phillip v. United States, 229 F.3d 550, 552 (6th Cir. 2000).

To establish ineffective assistance of counsel, Petitioner must show that his trial or appellate counsel's performance was deficient and that the deficiency prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Evitts v. Lucey, 469 U.S. 387, 396 (1985). Petitioner must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that the lawyer's errors prejudiced the outcome of the proceedings against him. Strickland, 466 U.S. at 687; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). A reasonable probability is one sufficient to undermine confidence in the outcome; it is a less demanding standard than "more likely than not." Id. A court need not address both parts of the Strickland test if the petitioner makes an insufficient showing on one. Strickland, 466 U.S. at 697.

Under Rule 8 of the Rules Governing Section 2255 Proceedings, the Court "must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Petitioner is not entitled to an evidentiary hearing if the 2255 motion and the record of the case conclusively show that he is not entitled to relief. See Green v. United States, 65 F.3d 546, 548 (6th Cir.

3

1995). Finally, when the trial judge also hears the collateral proceedings, the judge may rely on his recollections of the prior proceedings in ruling on the collateral attack. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

### III. ANALYSIS

**A. Failure to Appeal**

Petitioner first claims "counsel was ineffective for not preparing an appeal on behalf of petitioner [sic] claim of violation that occurred during his sentencing."[1] (Docket Entry No. 1, ¶ 12 (a)). Based upon the record, the Court finds no ineffectiveness in regard to counsel's failure to appeal.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court held that Strickland's prejudice and performance analysis applied to claims "that counsel was constitutionally ineffective for failing to file a notice of appeal." Id. at 477. "[T]he failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment." Deitz v. Money, 391 F.3d 804, 810 (6th Cir. 2004). In such situations, prejudice is presumed because the failure to file a requested notice of appeal "does not merely deprive the defendant of effective assistance of counsel, it deprives him of the assistance of counsel altogether." Ludwig v. United States, 162 F.3d 456, 459 (6th Cir. 1998). "Thus, the failure to perfect a direct appeal when requested by the

---

[1] Presumably the claimed violation during sentencing has to do with the fact that Petitioner's offense level was increased under U.S.S.G. 2D1.1(b) for possession of a weapon. This claimed error is discussed in section III B., infra.

4

defendant violates the Sixth Amendment without regard to the probability of success on appeal." Id.

A different situation is presented when a defendant either tells his counsel not to appeal or does not request counsel to appeal. In the former case, a defendant cannot later claim ineffective assistance of counsel when his counsel abides by his instruction not to appeal. Flores-Ortega, 528 U.S. at 477. The latter case – where counsel fails to file a notice of appeal when his client does not convey his wishes one way or the other – was the focus of the Supreme Court's decision in Flores-Ortega. In such situations, the Supreme Court indicated that the question to be answered regarding whether counsel's performance was deficient is whether he "consulted with the defendant about an appeal." In other words, did counsel advise "the defendant about the advantages and disadvantages of taking an appeal, and [make] a reasonable effort to discover the defendant's wishes?" Id. at 478. While ideally counsel will routinely consult with his client about the possibility of appeal, failure to do so will not always constitute deficient performance. Id. at 479.

"Stripping Flores-Ortega to its rudiments, it becomes clear that there are two scenarios in which the two Strickland components can be satisfied in a single stroke: (1) where the defendant specifically instructs his attorney to file an appeal, and his attorney does not, . . . and (2) where non-frivolous grounds for appeal exist, yet no appeal is filed[.]" United States v. Lovell, 83 Fed. Appx. 754, 759 (6th Cir. 2003). "In the absence of either

5

an explicit instruction to appeal or non-frivolous grounds for appeal, a defendant must show both deficient performance and prejudice through other means in order to prove that his counsel's failure to file an appeal constituted ineffective assistance of counsel." Id.

In this case, the Government, in response to Petitioner's § 2255 Motion, filed the affidavit of Jack B.F. Lowery, Petitioner's counsel. In that affidavit, Mr. Lowery asserts the following:

> After Mr. Black was sentenced in case 3:03-00182, he and I discussed an appeal of the sentence. I advised him that I was not retained to pursue an appeal, but that if he wished to appeal his sentence I would help him ask to have an attorney appointed to represent him on an appeal. I reminded him that a notice of appeal had to be filed within 10 days.
>
> Mr. Black said that he understood that. Mr. Black never asked me to appeal his sentence or to help him get an attorney appointed to represent him in an appeal. Furthermore, Mr. Black never asked me to file a petition for post connection [sic] relief.
>
> Mr. Black has called me on at least three occasions since he was sentenced. In none of those calls did he indicate that he desired to appeal his sentence or seek any form of post conviction relief.

(Docket Entry No. 4, addendum 1).

After this Court reviewed the Government's Response and Lowery's affidavit attached thereto, the Court entered an Order which in substance stated:

> In order to fully consider Petitioner's ineffective assistance of counsel allegation relating to the failure to appeal, the Court will afford Petitioner an opportunity to set forth all of the facts surrounding his claim that counsel failed to pursue an appeal on his behalf.

> Accordingly, within thirty (30) days from the date of this Order, Petitioner SHALL FILE a declaration in which he sets forth in detail all of the facts and circumstances surrounding his contention that counsel was ineffective in failing to take an appeal on his behalf. Failure by the Petitioner to file such a declaration within the time provided shall be deemed by the Court to mean that he has no more facts for the Court to consider on this issue and he has no objections to the statements made in the affidavit submitted by attorney B.F. "Jack" Lowery concerning his appeal.

(Docket Entry No. 5 at 1-2). Despite being provided with the opportunity to dispute any claims by his attorney about the discussions had relating to an appeal, Petitioner has chosen not to do so and accordingly Lowery's assertions are accepted as the facts regarding the appeal issue.

Given Lowery's affidavit, there is no basis for finding that counsel was instructed to file an appeal and hence no basis for presuming prejudice. Nor can this Court find deficient performance by Lowery since he informed Petitioner of his right to appeal, the time frame within which a notice of appeal had to be filed, and offered to aid him in finding counsel to pursue an appeal. "In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal[.]" Flores-Ortega, 528 U.S. at 478. "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally

7

unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id.

Since counsel in this case spoke with the Defendant about an appeal (and presumably informed him of the advantages and disadvantages of an appeal given Petitioner's failure to inform the Court otherwise), and Defendant evidenced no desire to pursue an appeal, counsel was not ineffective within the meaning of Strickland. Accordingly this claim is without merit.

**B.  Enhancement for Possession of a Weapon Under 2D1.1(b)**

Section 2D1.1(b)(1) of the Sentencing Guidelines provides for a two-point increase in a defendant's offense level if a firearm is "possessed" during a drug-trafficking crime. In order for the enhancement to apply, the government must establish by a preponderance of the evidence that the defendant possessed a dangerous weapon during the commission of a drug-trafficking offense. United States v. Hill, 79 F.3d 1477, 1485 (6th Cir. 1996). Upon such a showing, a presumption arises that the firearm is connected to the drug trafficking offense although the defendant can rebut this presumption by showing that it is "clearly improbable that the weapon was connected to the offense." U.S. Sentencing Guidelines Manual § 2D1.1 comment. n.3.

Petitioner claims the Court erred in enhancing his sentence under 2D1.1(b) "for possession of a weapon that he neither pled guilty to nor was he indicted for in violation of his 5th and 6th Amendment rights as guaranteed by the United States Constitution." (Docket Entry No. 1 ¶ 12(b)). This is the totality of Petitioner's

8

statement of facts in support of this claim and, although not a model of clarity, it would appear to be his position that a Court lacks power to enhance a sentence under section 2D1.1(b). Instead, to be punished for possessing a weapon in relation to a drug trafficking offense, a defendant must be charged with a separate possession offense and either be found guilty or plead guilty to that offense. This claim must be rejected for at least two reasons.

First, Petitioner did not appeal his conviction or sentence. It is well-settled that a Section 2255 motion may not be used as a substitute for direct criminal appeal and if a federal prisoner seeks collateral review of issues not raised on direct appeal he must first show cause to excuse his failure to do so as well as actual prejudice resulting from the alleged violation. <u>Regaldo v. United States</u>, 334 F.3d 520, 528 (6th Cir. 2003). As indicated, Petitioner expressed no desire to appeal his sentence and hence he cannot show cause to excuse his failure to appeal. Accordingly, his claim that his sentence was wrongly enhanced for possession of a weapon is waived.

Second, Petitioner agreed to allow the Court to determine, by a preponderance of the evidence, whether he possessed a gun in relation to a drug trafficking offense. The plea agreement between the Defendant and the Government contained the following language:

> 4. The defendant acknowledges he is aware of the recent decision of the Supreme Court in <u>Blakely v. Washington</u>, 2004 WL 1402696 (June 24, 2004). The defendant further acknowledges he has discussed the Blakely decision with his attorney. The defendant also acknowledges he is aware of the implications of <u>Blakely</u> and the possibility of the application of its holding to his/her case. However, in

9

> consideration of the plea agreement in this case, the defendant knowingly and voluntarily waives any potential right or issues that might be advanced under <u>Blakely</u>. In addition, the defendant specifically agrees as follows:
> . . . .
>> c. Defendant waives Grand Jury findings on facts to be considered by the Court at sentencing pursuant to the United States Sentencing Guidelines and the inclusion of such facts in the indictment.
>> d. The facts that determine his offense level under the Sentencing Guidelines, including facts that support any specific offense characteristic or other enhancement or adjustment, need not be alleged in an indictment or found by a jury beyond a reasonable doubt, and the defendant waives any such requirements.
>> e. The facts that determine the offense level will be found by the district court at sentencing by a preponderance of the evidence.

(Case No. 3:03-00182, Docket Entry No. 84). In addition, in a letter signed by the Defendant which supplemented the plea agreement, the Defendant agreed that the determination of whether the offense level would be increased by two levels pursuant to 2D1.1(b) would be made by the Court by a preponderance of the evidence standard. (<u>Id</u>.).

The very arguments now raised by Petitioner – that a weapons enhancement had to be charged by indictment and result in a conviction – were specifically waived in his plea agreement. It is well-settled that a plea agreement may waive constitutional or statutory rights then in existence as well as those that a court may recognize in the future. <u>United States v. Bradley</u>, 400 F.3d 459, 463-65 (6th Cir. 2005). Petitioner specifically agreed both in the plea agreement and subsequent letter to allow the Court to determine, by a preponderance of the evidence, whether he possessed

10

a weapon in relation to a drug trafficking offense. Therefore, the argument is waived.

Even assuming that the claim was not waived, Petitioner is not entitled to relief in light of the Supreme Court decisions in Blakely or United States v. Booker, 125 S.Ct. 738 (2005) which applied Blakely to the Federal Sentencing Guidelines and held that those Guidelines are not mandatory. Simply stated, Booker did not eliminate judicial fact-finding in sentencing in cases where a defendant pleads guilty. Instead, it merely gives district courts the option to sentence a defendant differently than the Guidelines would require after calculating the Guideline range. United States v. Williams, 411 F.3d 675, 678 (6th Cir. 2005). "District courts still must consult the Guidelines in determining an appropriate sentence" including the enhancement provisions in determining the advisory range. Id. That is precisely what the Court did in this case in relation to the weapons enhancement.

## IV. CONCLUSION

On the basis of the foregoing, Petitioner's "Motion to Vacate, Set Aside, Reverse, or Correct Sentence Pursuant to Title 28 United States Code Section 2255" (Docket Entry No. 1) will be denied. This case will be dismissed with prejudice and a Certificate of Appealability will not issue.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE